UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOURDES CERVANTES MUNTEANU, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN FAMILY MUTUAL ) <br> INSURANCE COMPANY; DOES I through ) <br> X, inclusive ) <br> ) <br> Defendants. ) <br> ) | 2:10-CV-01446-LRH-LRL <br><br> <u>ORDER</u> |

Plaintiff Lourdes Cervantes Munteanu initiated this action on July 15, 2010, in the Eighth Judicial District Court for Clark County, Nevada. On August 26, 2010, on the basis of diversity jurisdiction, Defendant American Family Mutual Insurance Company filed a notice of removal to this court (#1[1]).

After review of the complaint and Defendant's petition for removal, the court finds that it requires additional information to determine whether it has subject matter jurisdiction over this dispute. While it appears that the parties are of diverse citizenship,[2] Defendant has not demonstrated that the amount in controversy exceeds $75,000.

---

[1] Refers to the court's docket entry number.

[2] Plaintiff is a citizen of Nevada and Defendant is incorporated under the laws of Wisconsin and has its principle place of business in Wisconsin.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a).  Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a).

If a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  "The court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

Here, the complaint seeks damages arising out of Defendant's failure to make an adequate payment to Plaintiff under Plaintiff's under-insured motorist coverage.  It is not clear from the complaint or the petition for removal, however, the amount of coverage to which Plaintiff may be entitled Although the petition for removal states that Plaintiff claims her medical expenses exceed $13,100.00, this sum is well below the jurisdictional threshold.

Jurisdiction will only exist if defendants can present "summary-judgment-type evidence" to establish by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement.  As such, the court will grant Defendant leave to present evidence to establish that this action involves the requisite amount in controversy.

///

///

///

///

2

1    IT IS THEREFORE ORDERED that Defendant is granted twenty (20) days to establish the minimum amount in controversy for the exercise of diversity jurisdiction.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3